*E-FILED ON 7/25/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE RUIZ and GEORGINA RUIZ,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>DECISION ONE MORTGAGE COMPANY, LLC; AMERICAN MUTUAL FINANCIAL SERVICES; JOHNNY HWANG; ASHISH OBEROI; IMRAN NASIR; ANDREW MICHAEL OLDHAM; ANITA SIU YEE CHEUNG,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　／ | No. C06-02530 HRL<br><br>**ORDER (1) GRANTING DECISION ONE MORTGAGE'S MOTION TO STRIKE PORTIONS OF THE COMPLAINT; AND (2) GRANTING IN PART AND DENYING IN PART DECISION ONE MORTGAGE'S MOTION TO DISMISS CLAIMS SEVEN AND EIGHT OF THE COMPLAINT**<br><br>**[Re: Docket Nos. 14 and 17]** |

On July 25, 2006, this court heard the "Motion to Strike Portions of the Complaint" and "Motion to Dismiss Claims Seven and Eight of the Complaint" filed by defendant Decision One Mortgage Company ("Decision One"). Upon consideration of the moving and responding papers filed by the parties, as well as the arguments of counsel, this court (1) grants Decision One's motion to strike as unopposed; and (2) grants in part and denies in part Decision One's motion to dismiss.[1]

## I. BACKGROUND

This is a civil action which arises from defendants' alleged predatory lending practices for which plaintiffs seek damages, as well as declaratory and injunctive relief. According to the

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

complaint, plaintiff Jose Ruiz is primarily a Spanish speaker, with limited ability to speak, read or write in the English language. His wife, plaintiff Georgina Ruiz, speaks only Spanish. Plaintiffs claim that they are the victims of defendants' "abusive and predatory" lending practices in connection with the refinancing of their home mortgage. Among other things, they claim that defendants misrepresented essential loan terms, used bait and switch tactics, charged unreasonable, unearned and duplicative fees, and failed to translate loan documents from English into Spanish. They assert that defendants have violated several federal and state laws, and the complaint alleges eleven claims for relief: (1) violation of the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2607(a), *et seq*. and Federal Reserve Regulation X, 24 C.F.R. § 3500 *et seq*.; (2) violation of the Fair Housing Amendments Act, 42 U.S.C. § 3601 *et seq*.; (3) violation of the Fair Employment and Housing Act, Cal. Govt. Code § 12955 *et seq*.; (4) fraud; (5) violation of the Unfair Competition Act, Cal. Bus. & Prof. Code § 17200 *et seq*.; (6) breach of fiduciary duty; (7) professional negligence; (8) violation of California Civil Code § 1632; (9) rescission/cancellation; (10) violation of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq*.; and (11) notary malfeasance.

Presently before this court are two motions filed by defendant Decision One. First, Decision One moves to strike portions of the complaint on the ground that amendments brought about by the passage of Proposition 64 preclude plaintiffs from suing on behalf of the general public or from seeking attorney's fees under California's Unfair Competition Laws. Second, pursuant to Fed.R.Civ.P. 12(b)(6), Decision One moves to dismiss the seventh and eighth claims for relief for professional negligence and for violation of California Civil Code section 1632. It contends that the complaint does not allege sufficient facts establishing that it owed plaintiffs a duty of care. Decision One also asserts that California Civil Code section 1632 does not cover the loan at issue. It further contends that, because Decision One is not a real estate broker, California Civil Code section 1632 does not apply in any event.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. In such a motion, all material allegations in

the complaint must be taken as true and construed in the light most favorable to the claimant. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). "However, the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994). Dismissal is appropriate only when it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Balistreri, 901 F.2d at 699 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). Ordinarily, a court may only look at the face of the complaint and documents attached to the complaint in deciding a Fed. R. Civ. P. 12(b)(6) motion to dismiss. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

### III.   DISCUSSION

**A.   Motion to Strike Portions of the Complaint**

Decision One moves to strike those portions of the complaint in which plaintiffs purport to seek relief "on behalf of the general public" and claim entitlement to the recovery of attorney's fees pursuant to California's Unfair Competition Laws. The court may strike "from any pleading any insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." FED.R.CIV.P. 12(f). Here, Decision One argues that amendments to California's Unfair Competition Laws, brought about by the passage of Proposition 64 in 2004, bar plaintiffs from suing on behalf of the general public or from seeking the recovery of attorney's fees. Plaintiffs state that they do not oppose Decision One's motion to strike. Accordingly, the motion is granted.

**B.   Motion to Dismiss Claims Seven and Eight of the Complaint**

    **1.   Seventh Claim for Relief: Professional Negligence**

Plaintiffs assert their claim for professional negligence against nearly all defendants, including Decision One. They allege that Decision One, as the mortgage loan lender, is liable because it "acted negligently in failing to properly consider, investigate, evaluate or audit plaintiffs' loan application and/or ability to repay loans." (Complaint, ¶ 118). Additionally, they allege that "[d]efendants owed plaintiffs a duty to act with that degree of skill, prudence

3

1 and diligence as other mortgage brokers and lenders of ordinary skill and capacity in the
2 performance of the services they undertake." (Id., ¶ 116).  Further, the complaint alleges that
3 "[d]efendants knew or should have known to utilize the best practices for underwriting,
4 originating and issuing loans when considering the Decision [One] loans to plaintiffs but
5 negligently failed to do so." (Id., ¶ 120).

6      Decision One moves to dismiss this claim, arguing that it owed no duty of care to
7 plaintiffs in its capacity as the mortgage lender.  In California, generally, there is no duty of care
8 owed to a borrower by a lender.  See Nymark v. Heart Federal Savings & Loan Ass'n, 231 Cal.
9 App.3d 1089, 283 Cal. Rptr. 53, 56 (1991) ("[A]s a general rule, a financial institution owes no
10 duty of care to a borrower when the institution's involvement in the loan transaction does not
11 exceed the scope of its conventional role as a mere lender of money.").  "Liability to a borrower
12 for negligence arises only when the lender 'actively participates' in the financed enterprise
13 'beyond the domain of the usual money lender.'" Wagner v. Benson, 101 Cal. App.3d 27, 161
14 Cal. Rptr. 516, 521 (1980) (citing Connor v. Great Western Savings & Loan Ass'n, 69 Cal.2d
15 850, 73 Cal. Rptr. 369 (1968); Bradler v. Craig, 274 Cal. App.2d 466, 79 Cal. Rptr. 401 (1969);
16 Kinner v. World Savings & Loan Ass'n, 57 Cal. App.3d 724, 129 Cal. Rptr. 400 (1976)).

17      Plaintiffs argue that Nymark and Wagner are factually distinguishable and that their
18 holdings should be limited to the particular facts of each case.  In Nymark, the court concluded
19 that the lender owed no duty to the borrower in the preparation of its property appraisal in
20 connection with its loan approval process.  Nymark, 283 Cal. Rptr. at 59.  In Wagner, the court
21 found that the lender owed no duty of care to the borrowers with respect to the prosperity of a
22 financial investment that the borrowers made with the borrowed funds.  Wagner, 161 Cal. Rptr.
23 at 521.  Further, plaintiffs contend that both Nymark and Wagner cite Connor v. Great Western
24 Savings & Loan Ass'n, 69 Cal.2d 850, 73 Cal. Rptr. 369 (1968), which concerned whether a
25 duty was owed to third parties not in privity of contract with the lender.  Nevertheless, as noted
26 above, both Nymark and Wagner recognize the general rule that no duty of care is owed by a
27 lender to a borrower.  Here, the complaint contains no allegations indicating that Decision One
28

4

1  acted beyond the scope of its conventional activities as a lender of money. Nor do plaintiffs
2  indicate that the deficiency may be cured by amendment.

3  Plaintiffs nonetheless argue that the loan at issue in <u>Wagner</u> was commercial, whereas
4  the loan at issue in the instant action is residential. They assert that "extensive regulation and
5  consumer protections" pertaining to residential loans – namely, the Truth in Lending Act, the
6  Real Estate and Settlement Procedures Act, the Home Ownership and Equity Protection Act,
7  California Civil Code § 1632, and California Financial Code § 4970 *et seq*. – give rise to a
8  lender's duty of care to a borrower for residential loans, even if no such duty would arise in the
9  commercial context. However, plaintiffs have not cited any authority to support this
10 proposition.

11 Plaintiffs contend that a lender may be held liable in negligence to a borrower, citing
12 <u>Washington Mutual Bank v. Super. Ct.</u>, 75 Cal. App.4th 773, 89 Cal. Rptr.2d 560 (1999) and
13 <u>Wanger v. EMC Mortgage Corp.</u>, 103 Cal. App.4th 1125, 127 Cal. Rptr.2d 685 (2002).
14 However, neither case addressed the existence of a duty between a lender and a borrower. In
15 <u>Washington Mutual Bank</u>, the court addressed a preemption issue and held that state law claims
16 based on the violation of Real Estate and Settlement Procedures Act requirements and related
17 regulations are not expressly preempted by federal law. <u>Washington Mutual Bank</u>, 89 Cal.
18 Rptr.2d at 571. In <u>Wanger</u>, the court reversed summary judgment in favor of a lender, finding
19 that there were material issues of fact as to the borrower's claim that the notice of transfer
20 requirement under the Real Estate and Settlement Procedures Act had been violated. <u>Wanger</u>,
21 127 Cal. Rptr.2d at 690, 694-95.

22 This court concludes that plaintiffs have not alleged that Decision One owed them a
23 duty establishing direct liability. Nevertheless, it agrees that plaintiffs have, for purposes of a
24 Fed.R.Civ.P. 12(b)(6) motion to dismiss, sufficiently alleged an agency relationship between
25 Decision One and the defendant mortgage loan broker. Here, plaintiffs cite <u>Montoya v.
26 McLeod</u>, 176 Cal. App.3d 57, 221 Cal. Rptr. 353 (1985) for the proposition that a broker may
27 be an agent of both the lender and the borrower. <u>Montoya</u> appears to address only the
28 relationship between a broker (and the broker's employee) and the borrowers. <u>Id</u>. at 64.

5

However, the parties have cited no authority indicating that a broker may never be the agent of a lender. The complaint contains a boilerplate allegation of agency between and among all defendants, which is incorporated into the claim for professional negligence. (Complaint ¶¶ 27, 114). Although Decision One asserts that the defendant mortgage broker was not its agent, it acknowledges that plaintiffs' agency allegation survives dismissal at the pleading stage. See Greenberg v. Sala, 822 F.2d 882, 886 (9th Cir. 1987) ("[A]s a matter of law, allegations of agency, vicarious liability, and/or *respondeat superior* are not required. A person legally responsible for an act may be alleged to have committed it without going into the theories which support that ultimate fact.").

Accordingly, Decision One's motion to dismiss plaintiffs' professional negligence claim is granted, but only insofar as it alleges direct liability by Decision One. The motion to dismiss is denied to the extent that plaintiffs' negligence claim is based upon the secondary liability of Decision One.

**2.     Eighth Claim for Relief: Violation of California Civil Code § 1632**

California Civil Code section 1632 provides, in relevant part:

> Any person engaged in a trade or business who negotiates primarily in Spanish, Chinese, Tagalog, Vietnamese, or Korean, orally or in writing, in the course of entering into any of the following, shall deliver to the other party to the contract or agreement and prior to the execution thereof, a translation of the contract or agreement in the language in which the contract or agreement was negotiated, which includes a translation of every term and condition in that contract or agreement.

CAL. CIV. CODE § 1632(b). The statute was enacted "to increase consumer information and protections for the state's sizeable and growing Spanish-speaking population." Id., § 1632(a)(1).

Plaintiffs assert their claim for violation of California Civil Code section 1632 against nearly all defendants, including Decision One. They allege that "[d]efendants failed to provide any loan documentation in the Spanish language despite the fact that the loans were negotiated in Spanish." (Complaint, ¶ 124). Further, they allege that "[p]ursuant to subdivision (k) of

6

1  California Civil Code § 1632, defendants must allow plaintiffs to rescind such loans." (Id. ¶
2  125).

3  Decision One argues that this claim must be dismissed because California Civil Code
4  section 1632(b)(2) specifically excludes loans secured by real property, like the type of loan at
5  issue in the instant case. Plaintiffs counter that Decision One overlooks the exception stated in
6  section 1632(b)(4). Indeed, section 1632(b)(4) states that notwithstanding the exclusion of
7  loans secured by real property, the statute applies to "a loan or extension of credit for use
8  primarily for personal, family or household purposes where the loan or extension of credit is
9  subject to the provision of Article 7 (commencing with Section 10240) of Chapter 3 of Part I of
10 Division 4 of the Business and Professions Code . . .." CAL. CIV. CODE § 1632(b)(4). The cited
11 section of the California Business and Professions Code, in turn, applies to certain loans secured
12 by real property which are negotiated by a real estate broker. See CAL. BUS. & PROF. CODE, §
13 10240. In the instant case, the complaint alleges sufficient facts showing that the loan at issue
14 falls within California Civil Code section 1632, by virtue of the exception stated in section
15 1632(b)(4).

16 Decision One maintains that section 1632 is inapplicable because it was not acting as a
17 real estate broker. However, as discussed above, the court has concluded that plaintiffs have,
18 under liberal federal pleading standards, stated a claim against Decision One under a theory of
19 secondary liability. Plaintiffs' agency allegation is incorporated into their claim for violation of
20 California Civil Code section 1632. (Complaint, ¶ 123). Accordingly, Decision One's motion
21 to dismiss plaintiffs' claim under California Civil Code section 1632 is granted, but only insofar
22 as it alleges direct liability by Decision One. The motion to dismiss is denied to the extent that
23 plaintiffs' claim is based upon the secondary liability of Decision One.

### IV.  ORDER

25 Based on the foregoing, IT IS ORDERED THAT:
26 1. Decision One's "Motion to Strike Portions of the Complaint" is GRANTED as
27 unopposed. The following portions of the complaint are stricken:
28     a.     Page 2, ¶ 1: "on behalf of the general public";

7

1        b.      Page 17, ¶ 103:  "and the general public" and "and the general public";

2        c.      Page 17, ¶ 104:  "and the general public"; and

3        d.      Page 17:  ¶ 106 in its entirety.

4    2.  Decision One's motion to dismiss plaintiffs' seventh claim and eighth claims for relief is GRANTED IN PART AND DENIED IN PART.  Decision One's motion as to plaintiffs' claims for professional negligence and violation of California Civil Code section 1632 is GRANTED insofar as these claims allege direct liability as to Decision One.  The motion to dismiss is otherwise DENIED to the extent that these claims are based upon secondary liability of Decision One.

Dated:    July 25, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

8

**5:06-cv-2530 Notice will be electronically mailed to:**

Kerstin Arusha kerstina@lawfoundation.org

Joseph C. Campo campo@lbbslaw.com

Sharon Cohen Collier scollier@archernorris.com

William J. Goines goinesw@gtlaw.com, sandiferc@gtlaw.com

Karen Rosenthal rosenthalk@gtlaw.com

Stephanie Sidra Alexandre Stevens stephanies@lawfoundation.org

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.